NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

ANSARI AZIZI,                          :      CIV. NO. 18-17568 (RMB)
                                       :
              Plaintiff                :
                                       :
      v.                               :              OPINION
                                       :
FELIPE MARTINEZ, *et al.*,             :
                                       :
              Defendants               :

**BUMB, DISTRICT JUDGE**

Plaintiff Ansari Azizi, a prisoner presently confined in the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix"), brings this civil rights action under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971) (Compl., ECF No. 1.) Plaintiff filed an application to proceed *in forma pauperis* ("IFP") (ECF No. 1-1), but it is not certified by a prison official. According to 28 U.S.C. § 1915(a)(2),

> [a] prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

Petitioner wrote on his IFP application, "Counselor L. Batiste refused to fill-out & sign." (IFP App., ECF No. 1-1 at 3.) Plaintiff should attempt to obtain the certification again. Before the Court will grant IFP without Plaintiff having met the statutory requirements, Plaintiff must submit an affidavit stating (1) when he asked a prison official to provide the certified trust account statement; (2) whom he asked; (3) and how the person responded.

The Court will therefore administratively terminate this action. Plaintiff may reopen this matter if he timely submits a properly completed IFP application or pay the $400 administrative and filing fees. Plaintiff should be aware that IFP status permits a plaintiff to proceed without advance payment of the full filing fee but requires payment of the $350.00 filing fee in installments, if available in the prisoner's trust account, regardless of whether the Complaint is dismissed. See U.S.C. § 1915(b)(1).

When a prisoner is permitted to proceed without prepayment of the filing fee or when the prisoner pays the filing fee for a civil action regarding prison conditions and seeks redress from a governmental entity, officer or employee of a governmental entity, 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b) and 42 U.S.C. § 1997e(c)(1) require courts to review the complaint and *sua sponte* dismiss any claims that are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief

against a defendant who is immune from such relief.[1] For the reasons stated below, if Plaintiff were granted IFP status, the Court would dismiss the Complaint upon screening pursuant to 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b) and 42 U.S.C. § 1997e(c)(1).

I.    *Sua Sponte* Dismissal

Courts must liberally construe pleadings that are filed *pro se*. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Thus, "a *pro se* complaint, however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Id. (internal quotation marks omitted). "Court personnel reviewing *pro se* pleadings are charged with the responsibility of deciphering why the submission was filed, what the litigant is seeking, and what claims she may be making." See Higgs v. Atty. Gen. of the U.S., 655 F.3d 333, 339-40 (3d Cir. 2011) (quoting Jonathan D. Rosenbloom, Exploring Methods to Improve Management and Fairness in Pro Se Cases: A Study of the Pro Se Docket in the Southern District of New York, 30 Fordham Urb. L.J. 305, 308 (2002)).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R.

---

[1] Conclusive screening is reserved until IFP status is granted. See Izquierdo v. New Jersey, 532 F. App'x 71, 73 (3d Cir. 2013) (district court should address IFP application prior to conclusive screening of complaint under 28 U.S.C. § 1915(e)(2)).

Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 556.) Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. <u>Id.</u>

Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." <u>Id.</u> at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." <u>Id.</u> If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice but must permit the amendment. <u>Grayson v. Mayview State Hospital</u>, 293 F.3d 103, 108 (3d Cir. 2002).

II.  DISCUSSION

A.   <u>The Complaint</u>

Plaintiff alleges the following facts in his Complaint, accepted as true for purposes of screening pursuant to 28 U.S.C.

§§ 1915(e)(2)(B); 1915A(b) and 42 U.S.C. § 1997e(c)(1). In 2012, Plaintiff arrived at the Federal Correctional Institution in Safford, Arizona ("FCI Safford"). (Compl., ECF No. 1, ¶IV.22.) The defendants failed to inform Plaintiff that the prison was built on an area where the surrounding soil was contaminated with fungal spores, coccidioidomycosis, known to cause Valley Fever a.k.a. San Joaquin Valley Fever. (Id.)

The defendants did not "take reasonable measures to abate the substantial risk to inmates from contracting said fungal disease." (Compl., ¶IV.23.) An increasingly high number of inmates have contracted the fungal disease since Plaintiff's arrival at FCI Safford. (Id.) In March 2016, Plaintiff made several sick call visits to Medical Services at FCI Safford, complaining of head, joint and chest pain, "sweats" and difficulty breathing. (Id., ¶25.) Plaintiff was treated for pneumonia but his symptoms worsened. (Id.) Blood tests revealed that Plaintiff was positive for Valley Fever. (Id.)

Plaintiff asserts that his misdiagnosis "left him susceptible to" skin rashes, fatigue, joint aches, chest pain, difficulty breathing, cold sweats, inability to sleep and weakened immune system. (Id., ¶¶25, 26.) As of the filing of Plaintiff's Complaint, FCI Safford has not put a coccidioidomycosis exclusion policy into

place nor has it warned or protected inmates from exposure to the disease. (Compl., ECF No.1, ¶IV.28.)

In January 2004, the BOP Office of Quality Management in Washington D.C., through the BOP Medical Director, issued a system-wide memorandum for all BOP Health Services staff, which included a risk management alert for Valley Fever and stated the organism that causes Valley Fever is commonly found in the soil of the southwestern United States. (Id., ¶35.) The memorandum further stated: "persons at risk for valley fever should avoid exposure to dust and dry soil in areas where valley fever is common." (Compl., ECF No. 1, ¶35.) Plaintiff alleges that he exhausted the administrative remedies available at FCI Safford. (Id., ¶39.)

Plaintiff named the following sixteen defendants to this action:

1.   Felipe Martinez, Warden FCI Safford

2.   S. McClintock, Warden FCI Safford

3.   S. Lake, Warden FCI Safford

4.   David E. Ortiz, Warden FCI Fort Dix

5.   Mr. Moreno, Assistant Warden, FCI Safford

6.   Mary M. Mitchell, Regional Director, FBOP, Western Regional Office

7.   Ian Connors, Administrator, FBOP Central Office

8.  M.D. Caravajal, Regional Director, FBOP, Western Regional Officer

9.  C. Shilliday, Unit Manager, FCI Safford

10. Mrs. Johnson, Unit Manager, FCI Safford

11. V. Flores, Counselor, FCI Safford

12. Thomas Longfellow, Clinical Director, FCI Safford

13. Ms. Rincon, HSA, FCI Safford

14. Ms. Riney, Acting HSA, FCI Safford

15. Richard Lunt, H.C.P., FCI Safford

16. Mr. Warren, Safety Head, FCI Safford

Plaintiff asserts violation of the Eighth Amendment because he was exposed to an unreasonable risk of serious damage to his future health because he contracted Valley Fever. (Compl., ECF No. 1, ¶29.) Plaintiff raises the following tort claims, ostensibly under the Federal Tort Claims Act:[2] (1) "negligent or wrongful act of omission"; (2) failure to provide [Plaintiff] with safe and habitable prison; (3) "premises liability: failure to operate and maintain"; (4) assignment of [Plaintiff] to a prison facility knowing it to be inherently unsafe for human habitation. (Compl.,

---

[2] An FTCA claim is a claim "against the United States for money damages for … personal injury …  caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment. 28 U.S.C. § 2675(a); 28 U.S.C. § 1346(b)(1).

ECF No. 1 ¶VI.) For relief, Plaintiff seeks declaratory judgment and damages. (Id., ¶VII.42A-H.)

B.   FTCA Claims

The only proper defendant to a claim under the Federal Tort Claims Act is the United States of America. Priovolos v. F.B.I., 632 F. App'x 58, 60 (3d Cir. 2015) (citing CNA v. U.S., 535 F.3d 132, 138 n.2 (3d Cir. 2008)). Plaintiff has not named the United States as a defendant. This defect can be cured by amendment of the Complaint.

Plaintiff's claim that the defendants assigned him to a prison knowing that it was unsafe for human habitation will be treated as an Eighth Amendment claim and not an FTCA claim. See Dippolito v. United States, 704 F. App'x 199, 204 n.6 (3d Cir. 2017), cert. denied, 138 S. Ct. 711 (2018) ("the District Court properly dismissed Dippolito's FTCA claim because he premised it solely on putative Eighth Amendment violations" (citing FDIC. v. Meyer, 510 U.S. 471, 477 (1994) ("[A] constitutional tort claim is not 'cognizable' under [the FTCA].")).

"The FTCA operates as a limited waiver of the United States's sovereign immunity." White-Squire v. U.S. Postal Serv., 592 F.3d 453, 456 (3d Cir. 2010). "[A]n FTCA action 'shall not be instituted upon a claim against the United States for money damages ... unless the claimant shall have first presented the claim to the

appropriate Federal agency....'" White-Squire, 592 F.3d at 457

(quoting 28 U.S.C. § 2675(a)). A plaintiff may not file suit until

the agency finally decides the claim in writing or if the agency

fails to make a final disposition of the claim within six months

after the claim is filed. 28 U.S.C. § 2675(a). This requirement is

jurisdictional and cannot be waived. White-Squire, 592 F.3d at 457

(citing United States v. Sherwood, 312 U.S. 584, 586 (1941);

Bialowas v. United States, 443 F.2d 1047, 1049 (3d Cir. 1971)).

Plaintiff has not alleged that he timely filed an FTCA claim

with the Federal Bureau of Prisons.[3] Thus, the Complaint does not

establish jurisdiction over an FTCA claim. If Plaintiff has met

the jurisdictional requirement of the FTCA, he should file an

amended complaint alleging when he filed such claim and how and

when it was resolved. Otherwise, the Court would dismiss

Plaintiff's negligence-based claims for failure to state a claim,

upon conclusive screening under 28 U.S.C. § 1915(e)(2)(B); § 1915a

and 42 U.S.C. § 1997e(c)(1).

C.   Claims Under Bivens

In Ziglar v. Abassi, 137 S.Ct. 1843 (2017), the Supreme Court

held that courts must conduct a special factors analysis to

───────────────────

3 Exhaustion of an FTCA claim is not equivalent to exhaustion of
administrative remedies by a federal prisoner under the Prison
Litigation Reform Act, 42 U.S.C. § 1997e(a). See e.g. Malouf v.
Turner, 814 F.Supp.2d 454 (D.N.J. 2011).

determine whether to imply a <u>Bivens</u> remedy for constitutional violations by federal actors when a <u>Bivens</u> claim is raised in a new context from one of the three Supreme Court cases that recognized a <u>Bivens</u> remedy. The Court reserves, for later briefing by the parties, the issue of whether the Complaint raises a <u>Bivens</u> claim in a new context and, therefore, requires a special factors analysis before creating an implied <u>Bivens</u> remedy.

      1.   Eighth Amendment Inadequate Medical Care

Although it is not clear whether Plaintiff is trying to raise a claim under the Eighth Amendment based on his alleged misdiagnosis of pneumonia before he was diagnosed with Valley Fever, the Court notes that misdiagnosis does not rise to the level of an Eighth Amendment claim because a showing of deliberate indifference is required. <u>See</u> <u>Stewart v. Pennsylvania Dep't of Corr.</u>, 677 F. App'x 816, 820 (3d Cir. 2017) (misdiagnosis "at worst, amounts to medical malpractice, which is not actionable under the Eighth Amendment" (citing <u>Kost v. Kozakiewicz</u>, 1 F.3d 176, 185 (3d Cir. 1993)). If Plaintiff wishes to assert an Eighth Amendment claim concerning his medical care, he should submit an amended complaint that alleges facts sufficient to establish deliberate indifference. <u>See</u> <u>e.g.</u> <u>Natale v. Camden County Corr. Facility</u>, 318 F.3d 575, 582-83 (3d Cir. 2003). If Plaintiff wishes

10

to bring a medical malpractice claim, the presentation requirements of the FICA, discussed above, are applicable.

2.  Eighth Amendment Inadequate Conditions of Confinement Claim

Plaintiff alleges the defendants violated the Eighth Amendment by their deliberate indifference to a substantial risk to his health. Prison conditions are subject to scrutiny under the Eighth Amendment. Helling v. McKinney, 509 U.S. 25, 31 (1993). Prison officials may be liable under the Eighth Amendment for deliberate indifference to an inmate's exposure to a condition that poses an unreasonable risk of serious damage to his future health. Id. at 35. This entails proof of an objective and subjective element. Id.

The objective element of an Eighth Amendment conditions of confinement claim "requires more than a scientific and statistical inquiry into the seriousness of the potential harm and the likelihood that such injury to health will actually be caused" by the unsafe condition." Helling, 509 U.S. at 36. It also requires a court to assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk. Id.

> [A] prison official cannot be found liable
> under the Eighth Amendment for denying an

> inmate humane conditions of confinement unless
> the official knows of and disregards an
> excessive risk to inmate health or safety; the
> official must both be aware of facts from
> which the inference could be drawn that a
> substantial risk of serious harm exists, and
> he must also draw the inference.

Farmer v. Brennan, 511 U.S. 825, 837 (1994).

As a threshold matter, for liability under Bivens, a defendant must have personal involvement with a constitutional violation. Jutrowski v. Twp. of Riverdale, 904 F.3d 280, 290 (3d Cir. 2018) (quoting Iqbal, 556 U.S. at 676). Thus, "'a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Id.

Plaintiff asserts little in terms of any defendant's personal involvement in deliberate indifference to a substantial risk of serious harm to his health. Plaintiff states "What is obviously clear from Respondent's Flores' and Shilliday's responses or lack of responses, THEREOF, is NO DENIABILITY on their part, or any other [defendant] for that matter, concerning their knowledge that the FCI Safford area contained Coccidioidomycosis." (Compl., ECF No. 1, ¶IV.28.) Plaintiff attached his administrative grievance and the administrative remedy response he received from V. Flores and C. Shilliday as exhibits to his Complaint. (Exhibit, ECF No. 1 at 18-20.)

Plaintiff's grievance was two-fold: (1) the Director and
Regional Director of the Federal Bureau of Prisons, Warden
Martinez, Health Service Administrator Rincon and Health Provider
Richard Lunt failed to inform Plaintiff that FCI Safford was
constructed in an area where the soil was contaminated with fungal
spores that cause Valley Fever; and (2) Plaintiff was misdiagnosed,
which "left him susceptible to painful skin rashes, fatigue, joint
aches, chest pain, difficulty breathing cold sweats inability to
sleep" likelihood of reactivation and a weakened immune system.
(Exhibit, ECF No. 1 at 18.)

Flores and Shilliday, who filed a joint response to Plaintiff,
viewed his grievance as a medical complaint and reviewed the
medical treatment he received. (Id. at 19-20.) In no way does their
response create an inference that any defendant was aware that FCI
Safford was constructed in an area where the surrounding soil was
contaminated with spores that were known to cause Valley Fever or
that any defendant was aware of an increasing number of inmates
diagnosed with Valley Fever at FCI Safford since 2012, when
Plaintiff arrived.

Plaintiff also alleges that, in January 2004, the BOP
disseminated a system-wide memorandum for all BOP health services
staff, containing a risk management alert for Valley Fever, caused
by an organism commonly found in the soil in the southwestern

13

United States. (Id., ¶35.) Plaintiff does not allege this memorandum included any specific information about the risk at FCI Safford. Further, Plaintiff does not allege any specific defendant in 2012 was aware of the 2004 memorandum nor does he plead any facts creating an inference that a specific defendant must have been aware of the memorandum.

Finally, although Plaintiff alleges an increasingly high number of inmates at FCI Safford were diagnosed with Valley Fever since 2012, he does not allege how many inmates were diagnosed and within what time-frame. Although he is not required to plead a precise number of similar occurrences, Plaintiff must plead facts sufficient to suggest the seriousness of the potential harm and the likelihood that the soil condition will cause a serious health risk to inmates. The bare allegation that other inmates have contracted Valley Fever since 2012 is insufficient. Unless Plaintiff amends his complaint to allege additional facts, the Court would dismiss this claim upon screening under 28 U.S.C. § 1915(e)(2)(B); § 1915a and 42 U.S.C. § 1997e(c)(1).

    3.    Liability of a supervisory defendant under § 1983

Plaintiff names high ranking BOP officials as defendants in this matter, which calls into question the liability of a supervisory defendant under § 1983. In Barkes, the Third Circuit identified two instances where a supervisory defendant may be

liable for unconstitutional acts undertaken by subordinates: (1) where the supervisor personally joined the subordinate in violating a plaintiff's rights, directed others to violate the plaintiff's rights or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct; and (2) where a supervisor "with deliberate indifference to the consequences, established and maintained a policy, practice, or custom which directly caused [the] constitutional harm." Barkes v. First Corr. Med., Inc., 766 F.3d 307, 316-19 (3d Cir. 2017), rev'd on other grounds, Taylor v. Barkes, 135 S.Ct. 2042 (2015) (quoting A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr., 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original) (quoting Stoneking v. Bradford Area Sch. Dist., 882 F.2d 720, 725 (3d Cir. 1989)). Failure to train and failure to supervise claims are a subcategory of policy or practice liability. Barkes, 766 F.3d at 316.

To hold a supervisor liable based on a policy or practice that led to an Eighth Amendment violation,

> the plaintiff must identify a specific policy or practice that the supervisor failed to employ and show that: (1) the existing policy or practice created an unreasonable risk of the Eighth Amendment injury; (2) the supervisor was aware that the unreasonable risk was created; (3) the supervisor was indifferent to that risk; and (4) the injury resulted from the policy or practice.

Beers-Capitol [v. Whetzel], 256 F.3d 120, 134 (3d Cir. 2001) (quoting Sample v. Diecks, 885 F.2d 1099, 1118 (3d Cir. 1989)). Failure to train, discipline, and supervise are assessed under the same deliberate indifference standard as the failure to promulgate adequate policies. Christopher v. Nestlerode, 240 F. App'x 481, 489 n. 6 (3d Cir. 2007). To establish deliberate indifference for failure to train, a plaintiff must show that policymakers were on actual or constructive notice that flaws in their training or supervision caused subordinates to violate citizens' constitutional rights, and such notice generally requires contemporaneous knowledge of an incident or knowledge of a prior pattern of similar incidents and circumstances. Connick v. Thompson, 563 U.S. 51, 61 (2011).

For the same reason Plaintiff failed to state an Eighth Amendment conditions of confinement claim, he also failed to state an Eighth Amendment conditions of confinement claim against supervisory defendants. The Court will dismiss the Complaint without prejudice.

III. CONCLUSION

For the reasons stated above, the Court will administratively terminate this matter, subject to reopening. Plaintiff will be permitted to file an amended complaint if he so chooses.

16

An appropriate Order follows.


DATE: March 29, 2019

                              s/Renée Marie Bumb
                              **RENÉE MARIE BUMB**
                              **United States District Judge**